In re William L. **GARDNER** and Janice M. Gardner, Debtors.

GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Appellant,

v.

William L. **GARDNER** and Janice M. Gardner, Defendants-Appellees.

No. 81–1120.

United States District Court, W.D. Arkansas, El Dorado Division.

Sept. 28, 1982.

Randolph B. Hopkins, Barber, McCaskill, Amsler, Jones & Hale, Little Rock, Ark., for plaintiff-appellant.

Robert E. Adcock, El Dorado, Ark., for defendants-appellees.

## MEMORANDUM OPINION AND ORDER

OREN HARRIS, District Judge.

The appellant, General Motors Acceptance Corporation (GMAC), brings this appeal to this Court from a ruling of the Bankruptcy Court for the Western District of Arkansas, El Dorado Division [1], that requires GMAC to turn over to the debtors, William L. and Janice M. Gardner (debtors), a 1980 Pontiac Grand Prix automobile. The parties having filed the record of the Bankruptcy Court's proceeding in this Court, and having filed a brief on the issues in this case, the Court is now ready to make a determination of this appeal.

### JURISDICTION

The Court has jurisdiction of this bankruptcy appeal pursuant to 28 U.S.C. § 1334, which gives the District Court appellate jurisdiction of final decisions of Bankruptcy Courts in its district.

### STATEMENT OF FACTS

The automobile in question in this case was brought from George Morgan Motors, Inc. of El Dorado, Arkansas, under a retail sales installment contract. The appellant GMAC was assigned the contract. The date of the purchase of the automobile was August 20, 1980. The last payment that GMAC received under the contract was in February, 1981.

On March 4, 1981, the debtors filed their first Chapter 13 petition with the Bankruptcy Court. The plan that the debtors filed with the Bankruptcy Court for its approval, and the bankruptcy case of the debtors, was dismissed by the Bankruptcy Court on July 16, 1981 for lack of feasibility.

For two weeks, the debtors took no action. The appellant GMAC then took action by repossessing the automobile on July 31, 1981. On that same day the debtors filed in the Bankruptcy Court a second Chapter 13 petition, No. ED 81–43. On

1. The Honorable Charles W. Baker, United States Bankruptcy Judge.

August 5, 1981 the debtors instituted an adversary proceeding against GMAC and the selling dealer for the turn over of the automobile. GMAC and the selling dealer filed an answer and a counter-claim against the debtors for relief from the automatic stay so that they could proceed to sell the automobile. GMAC also asked that the petition of the debtors' be dismissed on the grounds of lack of feasibility of the plan. GMAC also asked that the petition be dismissed due to the plan being filed with a lack of good faith.

In the second petition, the income for Mr. Gardner was listed at $232.16 per month. Mrs. Gardner's income was listed at $550.20 per month. The total combined monthly income, including income from other sources, was listed at $1,626.36 per month. The total monthly expenses and the plan payments was listed at $1,491.17 per month. The debtors had a surplus of $135.19 per month.

At the hearing it was determined that the debtor William Gardner was at the time of the hearing drawing unemployment benefits which had been declared as part of his income. He also worked at ENSCO from 8 to 24 hours a week at a rate of $3.90 per hour. The wage would reduce the amount that Mr. Gardner would receive in unemployment benefits. Mr. Gardner also receives $340.00 per month for being pastor at two different churches in the area. The unemployment benefits were to run out in December, 1981. Mrs. Gardner was bringing home about $275.10 on a semi-monthly basis.

Mr. Gardner stated at the hearing that he had a verbal promise for a teaching position in the Strong Public School System. Mr. Gardner also interviewed for other jobs outside of the area.

The plan of the debtors' offered to pay debts in the amount of $17,022.75 over a period of three years at a monthly rate of $520.14 per month. On September 1, 1981, a hearing was held on the petition of the debtors' to compel the turn over of the automobile and also to hear the objections of GMAC against the confirmance of the plan of the debtors' and for the lifting of the automatic stay. The Bankruptcy Court denied GMAC in its claim seeking relief from the automatic stay, allowed the debtors to regain possession of the automobile, and confirmed the plan of the debtors'.

## CONCLUSIONS OF LAW

The issue that this Court has to determine in this case is whether the Bankruptcy Court, in the hearing on the matter before this Court, was correct in its factual determination that the income of the debtor and the payments to be made under the plan was feasible. This is a factual determination in that the Bankruptcy Court had to decide from the evidence before it whether the debtors were capable of making payments under the plan, whether the plan was filed in good faith, and whether GMAC was adequately protected in its claim against the debtors and whether the automatic stay would remain in effect.

The determination of the Bankruptcy Court as to the feasibility of the plan is a factual determination that it makes. Rule 810 of the Rules of Bankruptcy Procedure states:

"Upon an appeal the district court may affirm, modify, or reverse a referee's judgment or order, or remand with instructions for further proceedings. The court shall accept the referee's findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witnesses."

Previous cases that have cited this statute and the standard set forth have decided that the one who contests the finding of fact had the burden of proof of showing that the judge's finding of fact was "clearly erroneous." A mere showing that the Bankruptcy Court could have decided one way or another based on the facts is not sufficient to overcome the burden of proof that the objecting party has. *In Re Huntington, Ltd.,* 654 F.2d 578 (9th Cir. 1981). In such a case, the findings of fact of the Bankruptcy Court will be upheld.

At the hearing in the Bankruptcy Court, GMAC invoked 11 U.S.C. § 362(d) of the Bankruptcy Code, which provides that an automatic stay can be revoked for cause, including lack of adequate protection on the part of the creditor seeking relief. The general issue presented at the hearing was whether GMAC would be adequately protected upon the turn over of the collateral. A sub-issue was whether the proposed plan of the debtors' was feasible enough to be affirmed and to provide adequate protection for GMAC.

This Court finds that the findings of fact of the Bankruptcy Court below was not clearly erroneous.

The decision of the Bankruptcy Court will be affirmed.

According to GMAC, the question of adequate protection and feasibility are interwoven. 11 U.S.C. § 1325(a)(6) provides that a plan would not be confirmed if it were not feasible. GMAC cites cases such as *In Re Lucas,* 1 C.B.C.2d 833 (Bkrtcy.S.D. Cal.1980), and *In Re Hockaday,* 1 C.B.C.2d 933 (Bkrtcy.S.D.Cal.1980) for the proposition that § 1325(a)(6) requires a court to be satisfied that the debtor has not only the present ability, but the future ability to comply with the plan, and that there was not enough shown income by the debtors in this case that would show an ability to comply with the plan, at least the present ability to comply with the plan. This, according to GMAC, is an indication that it lacks adequate protection on the automobile, it is not the equivalent of possession of the automobile, and that it should be allowed to either repossess the auto or that the debtors' plan be denied confirmation by the Bankruptcy Court.

■ The Court does not find this to be the case. The Bankruptcy Court had ample opportunity to listen to the testimony of the parties involved in this case and to judge the credibility of the witnessess. GMAC, while it cites certain cases that would tend to look at the evidence presented in this case in a lesser light than the Bankruptcy Court, does not present to this Court any case law that indicates that the Bankruptcy

Court considered improper factors in its determination of the feasibility of the plan. The Court is made aware of cases such as *In Re McLeod,* 2 C.B.C.2d 319, that considered the fact of the debtor's unemployment and still did not consider that to be a factor that would cause a Bankruptcy Court to deny confirmation of a plan by itself. The court took it into consideration along with other factors in reaching its decision. This Court finds that there was more than enough in this case as to the debtors' earning history that would allow the Bankruptcy Court to find that the plan was in fact feasible and should be confirmed. Therefore, it was not clearly erroneous to find that the plan was feasible, that GMAC was adequately protected, and to allow the turn over of the automobile.

■ GMAC also raises an issue as to the lack of "good faith" of the debtors in their pursuance of the Chapter 13 petition. GMAC points to the six months "free ride" that the debtors had up until the time the last creditor's meeting was held, the lack of any affirmative action of the part of the debtors for a period of two weeks from the time that the first petition was denied and the second petition was filed, and the lack of any ability to make the payments at the time the second petition and plan was filed. $1325, according to GMAC, requires a "good faith" effort to be made by the debtor in satisfying the requirements of a Chapter 13 petition and its procedures.

Again, this Court does not see anything in this record that would require a different result that the one reached by the Bankruptcy Court. There appears to be adequate evidence that would support any finding of a "good faith" effort on the part of the debtors, and, under the mandate of Rule 810, the decision of the Bankruptcy Court will not be disturbed.

IT IS, THEREFORE, THE ORDER of this Court that the judgment of the Bankruptcy Court for the Western District of Arkansas, El Dorado Division, granting the debtors' petition for the turnover of the automobile and denying GMAC in its coun-

terclaim for relief from the automatic stay and denial of the confirmation of the plan will be affirmed.